### M. H. Wilson, Appellant, v. Thomas McVay et al., Appellees.

#### (Not to be reported in full.)

Appeal from the Circuit Court of Pike county; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed December 11, 1914.

### Statement of the Case.

Bill filed in chancery by M. H. Wilson against Thomas McVay, Bert McVay and G. H. Redman, for an accounting of commissions realized by the defend-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
Vol. CLXXXXIII 27

ants from the sale of lands for a third party. The bill alleged that the complainant was engaged in buying and selling land for commission and profit, and that a certain farm was listed with him for sale at $20,000, and that he was to have all over that figure he could realize; that the McVays were real estate agents, and that the complainant agreed with them that if they would find a purchaser that the commissions and profits should be divided equally between the complainant and the McVays; that the McVays conspired with Redman to sell the lands and to appropriate to themselves the entire profit; that they made a sale for a consideration of a mortgage for $14,000 and divers sums of money and goods and merchandise of great value; that when the complainant demanded an accounting from the defendants they wrongfully refused to give it, asserting that the complainant had no interests in the profits from the sale.

The defendants demurred to the bill on the ground that it did not state facts requiring the interposition of a court of equity, and that the complainant had a full and adequate remedy at law. The complainant contended that the bill was for discovery, and for an accounting between partners. The demurrer was sustained and the complainant appeals.

WILLIAM MUMFORD and EBY & HULSE, for appellant.

WILLIAMS & WILLIAMS and ROLLO SIX, for appellees.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

### Abstract of the Decision.

1. DISCOVERY, § 5*—*when ground for discovery shown by bill.* A bill alleging that the complainant, with whom land was listed for sale, agreed with the defendant that if the latter should find a

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

purchaser they would divide the profit between them, that the defendant secured a buyer, and that conspiring with another, they sold the land and appropriated the profit to themselves, and refused to account to the complainant therefor, *held* not a bill for discovery.

2. PARTNERSHIP, § 18*—*when sharing profits from land sold creates partnership.* An agreement between one real estate agent with whom land is listed for sale to divide the profits with another agent if the latter procures a purchaser does not create a partnership between them.

3. EQUITY, § 51*—*when legal remedy adequate for recovery of profits between real estate agents.* Equity is without jurisdiction of an action by a real estate agent, with whom land was listed for sale, against another agent for an accounting for profits received by the latter, who procured a purchaser under an agreement to divide the profits with the complainant, since the remedy at law was adequate.